**Jean Rae SUTTON, a/k/a Jean S. Griffin, Plaintiff-Appellant,**

v.

**NATIONAL DISTILLERS PRODUCTS CO. and Distillery Workers Local 32, Defendants-Appellees.**

No. 78–3368.

United States Court of Appeals, Sixth Circuit.

July 1, 1980.

Randal S. Bloch, Wiesen Rosenberg & Wagner, Cincinnati, Ohio, Barbara Besser, Charles Guerrier, Women's Law Fund, Inc., Cleveland, Ohio, for plaintiff-appellant.

Frank Stewart, Cincinnati, Ohio, for National Distillers.

Robert I. Doggett, Cincinnati, Ohio, for Distillery Workers Local 32.

Before ENGEL and KENNEDY, Circuit Judges, and CECIL, Senior Circuit Judge.

## ORDER

Plaintiff brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, claiming that the defendant company discriminated against her on the basis of sex while she was working for them as a security guard by relieving her of her duties involving the routine searching of male employees as they left the plant for the day. Plaintiff also claimed damages based on allegations that the company retaliated against her for filing this EEOC claim by terminating her salary continuation benefits during a period of disability and by harassing her while she was in the hospital through a visit by one of their management employees. Plaintiff appeals the decision of the District Court, after a bench trial, in favor of the defendants.

The District Court found that the plaintiff suffered no damage, either in terms of loss of overtime or discrimination in job rotation, as a result of the company's policy of having male guards search male employees. The District Court also concluded that the company had not terminated the plaintiff's salary continuation benefits or harassed her in the hospital in retaliation for her filing of this EEOC claim. After a careful review of the record and briefs we conclude that the District Court's findings on these matters were not clearly erroneous. Since plaintiff was unable to continue her employment because of a physical disability, her claims regarding future damages from discrimination she might suffer in the future, when seniority would place her on shifts where searching responsibilities would be a significant portion of the job, are moot.

Accordingly, the judgment of the District Court is affirmed.